Joltid Limited v. Skype Technologies S.A. et al Doc. 72 Att. 6

# EXHIBIT 7

# TO THE SUPPLEMENTAL DECLARATION OF MICHELLE M. UMBERGER IN SUPPORT OF SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE PATENTS-IN-SUIT DUE TO INEQUITABLE CONDUCT

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CERTIFIED COPY

CONFIDENTIAL

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,

Plaintiff,

vs.

Case No. C 03 05569 (JW)

MICRO THERAPEUTICS, INC., a Delaware corporation, and DENDRON GmbH, a German corporation,

Defendants and Third Party Plaintiffs,

vs.

BOSTON SCIENTIFIC CORPORATION, a Delaware corporation, and TARGET THERAPEUTICS, INC., a Delaware corporation,

Third Party Defendants.

/

*** CONFIDENTIAL ***

DEPOSITION OF THOMAS E. CIOTTI

Thursday, May 26, 2005

Pages 1 - 101

(Exhibits bound separately)

REPORTED BY: THERESA WARD, C.S.R. 9587



GROSSMAN & COTTER
CERTIFIED COURT REPORTERS
Comp-U-Scripts Weber & Volzing

*Mailing Address:*

**117 S. California Avenue, #D-201 • Palo Alto, CA 94306**
**Phone 650.324.1181 Fax 650.324.4609**

465 California Street • San Francisco, CA 94104
Phone 415.395.9330 Fax 415.395.9254

*** CONFIDENTIAL ***

understanding, you can testify to that.

THE WITNESS: I think I've already answered that. I think Boston Scientific was in the process of trying to get up to speed on -- on the Target IP portfolio.

BY MR. SKILTON:

Q Would you agree with me that as of September of 1997, you were aware that there were significant problems with the Guglielmi patent portfolio?

MR. SCHWILLINSKI: Objection.

Instruct the witness not to answer.

And the question was vague.

MR. SKILTON: A double assault.

MR. SCHWILLINSKI: Nothing personal.

BY MR. SKILTON:

Q Are you aware that Target Therapeutics and Boston Scientific thereafter commenced litigation in Europe against the entity known as "Dendron" with respect to the Guglielmi patent portfolio as it existed in Europe?

MR. SCHWILLINSKI: I would object to the extent it mischaracterizes fact.

THE WITNESS: Can you read the question back?

(The question was read by the Reporter.)

THE WITNESS: At some point, I -- I think somebody told me that there had been a -- they had filed

*** CONFIDENTIAL ***

CERTIFICATION

I, THERESA WARD, duly authorized to administer oaths pursuant to Section 2093(b) of the California Code of Civil Procedure, do hereby certify that the witness in the foregoing deposition was administered an oath to testify to the truth in the within-entitled cause; that said deposition was taken at the time and place therein stated; that the testimony of said witness was reported by me and thereafter transcribed by me into typewriting; that the foregoing is a full, complete, and true record of said testimony; and that the witness was given an opportunity to read and correct said deposition and to subscribe the same.

Should the signture of the witness not be affixed to the depostion, the witness shall not have availed himself/herself of the opportunity to sign, or the signature has been waived.

I further certify that I am not of counsel nor attorney for any of the parties in the foregoing deposition and caption named, nor in any way interested in the outcome of the cause named in said caption.

DATED: June 6,2 , 2005

Theresa Ward

Theresa Ward, C.S.R. 9587