Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-0777
Fax: (408) 516-9861
email: MikeMillen@aol.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SWANSON, SHANE MCGUIRE, and CLAUDIA MCGUIRE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USPROTECT CORPORATION, a Maryland corporation formerly known as HOLIDAY INTERNATIONAL SECURITY, INC., and DOES 1 TO 25,<br><br>Defendants. | NO.: C05-00602 JR (HRL)<br><br>**PLAINTIFFS' RESPONSE TO USPROTECT'S SUPPLEMENTAL BRIEFING**<br><br>**Date: December 16, 2005**<br>**Time: 9:00 a.m.**<br>**Dept: 3**<br>**Judge: Fogel** |

Plaintiffs hereby submit this **Response to USProtect's Supplemental Briefing**.

As discussed at the hearing, the issue of whether Labor Code §226.7 is a penalty or a wage is a "hot topic" in the field of wage and hour law.

As defendants have correctly pointed out, three courts have found the §226.7 payments to be penalties. Caliber Bodyworks, Inc. v. Superior Court 134 Cal.App.4th 365 (2005); Murphy v. Kenneth Cole Productions, Inc., 134 Cal.App.4th 728 (2005); Mills v. Superior Court, __ Cal.App.4th __ (2006), 2006 Cal.App.LEXIS 98 (Jan. 27, 2006).

Defendants have also correctly pointed out that two other courts have found just the opposite –that §226.7 payments are wages and not penalties. Tomlinson v.Indymac Bank, F.S.B.

(C.D. Cal. 2005) 359 F.Supp.2d 891; <u>National Steel and Shipbuilding Co. v. Superior Court</u>, __ Cal.App.4th __, 2006 Cal.App. LEXIS 48 (Jan. 20, 2006).

This is an unusual situation: in less than 12 months no less than 5 courts have weighed in on this narrow topic of Labor Code interpretation, and the current "score" is 3 to 2. Rather than keeping a running scorecard, plaintiffs would suggest that the court defer this topic until the California Supreme Court has had an opportunity to rule or at least until the case at bar substantially progresses in discovery. Otherwise, every time another case comes out the last losing side will move for reconsideration based upon the existence of new case law. If the court believes it must address this issue immediately, then assumably the court will review the five cases and choose the approach it believes is most warranted.

Plaintiffs must comment, however, on the unfair, out-of-context assertion that <u>Mills</u> somehow held there was no private right of action under §226.7. The <u>Mills</u> court did not discuss whether there was or was not a private right of action under §226.7. While the <u>Mills</u> court noted that language explicitly mentioning a private right of action was taken out of the legislation, it discussed the point no further, and certainly did not suggest that the trial court was wrong for allowing Ms. Mills to proceed on her other §226.7 causes of action. In fact, the introduction of the <u>Mills</u> case makes clear that "[t]he issue presented in this case is whether the above language describes a wage due to the employee or a penalty to the employer. We conclude it imposes a penalty on the employer." (Slip Opn., p. 2.) The trial court allowed <u>Mills</u> to continue with her §226.7 private right action and only upheld the demurrer as to those §226.7 causes of action in which <u>Mills</u> was arguing that the payments were wages instead of penalties; the other §226.7 causes of action were to continue in the court below, assumably because Labor Code §218 allows private actions to recover penalties. A case is not precedent for an issue not addressed, and plaintiffs cannot point to any of the five recent §226.7 decisions which denied aggrieved plaintiffs their right to sue under §226.7; while the courts are wrestling with the statute of limitations for §226.7 private actions, there is no mention in any of them that private plaintiffs lack the right to sue for violations.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: February 8, 2006 | _____ |
| 4 | | MICHAEL MILLEN, ESQ. |
| 5 | | ATTORNEY FOR PLAINTIFFS |