THE LOUDERBACK LAW FIRM

Attorneys/
Charles M. Louderback
Joseph P. Breen
James T. Conley
Jose A. Cordova
Paul D. Herbert
Janine R. Hudson
Eunice Ko
Clarice C. Liu
Stacey L. Pratt
Teresa McLoughlin Rice
Jerome Schreibstein

Of Counsel/
Mary L. Scharrenberg

One Embarcadero Center
Suite 2300
San Francisco
California
94111

415 / 398 / 7860    P
415 / 398 / 7863    F

February 23, 2006

Hon. Jeffrey S. White
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Jones v. Bayer Healthcare
           U.S.D.C. Northern District Action No. C-03-05531 JSW

Dear Judge White:

    This letter is written in accordance with Standing Order 7, which requires a joint letter brief where discovery disputes arise. This letter is in regard to Bayer's subpoena of plaintiff's personnel file from plaintiff's subsequent employer, Genentech. (*See* Attachment 1). Plaintiff has objected to Bayer's subpoena. (*See* Attachment 2). Counsel have attempted to resolve this dispute through correspondence and have met and conferred in person.

## BAYER

    There are three reasons Bayer requires plaintiff's personnel file from his subsequent employer, Genentech. First, plaintiff plainly indicated during his deposition that the claimed unlawful discrimination from which he suffered at Bayer was a proximate cause of his subsequent termination from a comparable position at Genentech. Bayer must be allowed to discover information that may refute any such claim and can only do so with access to plaintiff's personnel file. Second, plaintiff worked in nearly the exact same position in Genentech's HVAC Department as he did at Bayer. If he was similarly incompetent in his position at Genentech, Bayer has a right to discover such information and bring it forward as corroborating evidence of plaintiff's inability to work in the high demand HVAC environment. Third, Bayer also has a

right to discover information that may reveal plaintiff's habits with respect to his work ethic, insubordination toward supervisors, and inability to work well with others.

With respect to Bayer's first reason, during plaintiff's deposition he clearly implied that his termination from Genentech stemmed from his experience at Bayer. Plaintiff stated that (a) he developed "emotion stress" upon hearing about, and coming in contact with, former Bayer co-workers at the Genentech work site. (A former Bayer HR representative was hired by Genentech and, per plaintiff, he heard that one or more of his former co-workers in the HVAC Department were to be interviewed at Genentech.); and, (b) that "emotional stress" led to his "incompetency" which, (c) was one of the reasons for his termination from Genentech. (*See* Jones Deposition, p.419, line 3 – p.420, line 14).

In response to being further questioned about his termination from Genentech, plaintiff summed up:

> " ... I seen some Bayer employees that I formerly worked with trying to get into the department I was working in and running into Hillary Degroot [a former Bayer Human Resources employee] and trying to avoid seeing her ... I went through a lot of psychological trip and that kind thing. And from that point, I started making numerous mistakes ...." (*See* Jones Deposition, p.422 lines 12 - 25).

It is thus evident that at some level plaintiff blames his Genentech termination on Bayer and his claimed economic damages from that point onward. Bayer must be allowed to discover all information relating to plaintiff's performance deficiencies at Genentech in order to refute any such claims by plaintiff.

Moreover, plaintiff's statements during his deposition show that his employment at Genentech is relevant to plaintiff's claim of emotional distress. Plaintiff implies that when he began at Genentech, he was doing better emotionally, but then went into an emotional tailspin due to his contact with other former Bayer employees. Such information is relevant to his claim for emotional distress and, therefore, any information contained in his employment file which corroborates or refutes plaintiff's claim must be discoverable.

With respect to Bayer's second reason, Bayer has a right to prove that plaintiff is simply not competent to undertake the highly regimented tasks required in an HVAC Department. It is plaintiff's contention that his performance while at Bayer was exemplary. Bayer contends otherwise. Bayer has a right to discover whether plaintiff exhibited the same performance deficiencies with his subsequent employer, and whether those performance deficiencies led to his termination. Such discoverable information may aid Bayer in refuting plaintiff's claim of exemplary performance by showing that plaintiff lacked the fundamental capacity to undertake the tasks required in an HVAC Department. Plaintiff's incompetence in a similar position at Genentech shows this fundamental lack of capacity. Indeed, under the *McDonnell-Douglas* burden shifting approach in an employment discrimination action, Bayer will have the duty to come forward and articulate a legitimate business reason for taking the challenged action, here,

termination. Plaintiff's fundamental lack of capacity in the position in question will bolster Bayer's showing in this regard. Bayer's right to such corroborating evidence outweighs plaintiff's objection that the request is unduly intrusive. By plaintiff's own claims, he has put his performance and capacity to perform HVAC duties at issue, and Bayer must be able to secure information that is narrowly limited in this regard.

With respect to Bayer's third reason, under Federal Rule of Evidence 406, Bayer may introduce evidence showing plaintiff to have a habit or routine with respect to his employment. During his time as an employee of Bayer, plaintiff's performance was deficient in a number of ways. Specifically, plaintiff's habits with respect to work ethic, attention to detail, attitude toward supervisors, and ability to work well with others were all severely deficient. If plaintiff displayed those same habits with a subsequent employer, Bayer must be allowed to introduce such evidence.

Plaintiff's objections to Bayer's request, as stated in his "Objection," are that (1) plaintiff's employment records are not relevant to any issues in this case; (2) such records would be incompetent to prove any issue in this case; and, (3) the subpoena is overbroad and unduly intrusive.

Plaintiff's first and second objections are without substantive merit. Plaintiff's employment records are relevant to and, assuming otherwise foundationally proper, would be competent to prove or disprove the following issues: (1) whether plaintiff's termination from Genentech was related in any manner to his experiences at Bayer; (2) whether plaintiff is competent to work in the highly regimented HVAC environment; and, (3) whether or not plaintiff has established certain workplace habits related to his work ethics, insubordination, and ability to work with others.

Plaintiff's third objection is also unpersuasive. Bayer's request is narrowly tailored to gather information that is relevant to Bayer's defense and calculated towards obtaining admissible evidence. For instance, Bayer is not seeking plaintiff's personnel files at any places of employment other than Genentech. Plaintiff's personnel files at Genentech are uniquely relevant to plaintiff's claims because (1) plaintiff put his employment and termination from Genentech at issue during his deposition; and, (2) he worked in almost the exact same position at Genentech and, therefore, his personnel files are relevant to plaintiff's ability to work in an HVAC environment and to his work habits overall in that particular environment.

Accordingly, this subpoena is a valid attempt to obtain information calculated towards obtaining admissible evidence, and plaintiff's objections are without merit. Bayer respectfully requests that plaintiff's objections be overruled and this Court issue an Order directing Genentech's compliance forthwith.

## **LAVON JONES**

Bayer states that it wishes to examine plaintiff's employment records relating to his employment at Genentech, Inc., a position that plaintiff took some time after he left Bayer, because it wants to determine whether plaintiff was "similarly incompetent" at his later job. Bayer's characterizations of plaintiff's work history at Bayer is not supported by the record. Plaintiff has denied that he was incompetent or insubordinate when he worked at Bayer, and he denies the allegations that were the bases for his being fired: that he had failed to perform a particular job and falsified records to show that he had done the work and that he had failed to obtain the permission of a supervisor before he attended a scheduled meeting with personnel of the Human Relations Department. Rather, as the only African American employee in a department that, as far as the record shows, never had an African-American mechanic, which resisted his obtaining a position to which he was entitled, which resisted promoting him, and in which he was subjected to hostility and discriminatory treatment, he was terminated because of racial discrimination and retaliation for having filing a complaint of discrimination with the EEOC.

Plaintiff has acknowledged that he was terminated from his later employment at Genentech because he made mistakes and had other difficulties at Genentech. He claims that his difficulties at Genentech were the result of the effects of the discrimination he suffered at Bayer, which had emotional and psychological effects that still persist. Thus, the only purpose of obtaining his employment records at Genentech would be to prejudice the jury by suggesting that his earlier difficulties at Bayer were part of a pattern or habit of failing to perform work. Usually, it is the <u>prior</u> conduct of the person that is offered to prove conforming action on a subsequent occasion. Here, Bayer wishes to proffer <u>subsequent</u> conduct; that is, plaintiff's conduct at Genentech. Again, the subsequent evidence is not relevant because Bayer could not have based its decision to terminate plaintiff on conduct which had not occurred.

Rule 406 of the Fed. Rules of Evidence allows, under limited circumstances, the admission of evidence regarding the habit of a person and makes it relevant to prove that the conduct of that person on a particular occasion was in conformity with his habit. However, this exception to the general rule excluding character evidence under the Federal Rules is a narrow one, and requires that the person had a regular response to a repeated specific situation. *See, United States v. Angwin*, 271 F.3d 786, 798-800 (9th Cir. 2001). The burden of establishing that certain conduct qualifies as evidence of habit is on the party seeking the evidence. Here, no showing has been made that the whole scale intrusion into the employment records of plaintiff in a position he held after he left Bayer would result in the discovery of any evidence relevant to the issues in this case.

      Plaintiff has not objected to the production of documents that relate to his earnings while he was employed at Genentech, Inc., and documents that reflect the date his employment there began and ended. These are the only documents in his files relevant to this case. Defendant's request for the complete employment records at Genentech, Inc., should be denied.

      Respectfully submitted,
THE LOUDERBACK LAW FIRM


*s/Stephen K. Robinson*
Stephen K. Robinson
Attorneys for Defendant

cc:    Jerome Schreibstein, Esq.
       James T. Conley, Esq.

      Respectfully submitted,
MOORE & MOORE


*s/Howard Moore, Jr.*
Howard Moore, Jr.
Attorneys for Plaintiff

cc:    Charles Stephen Ralston, Esq.

ATTACHMENT 1

# United States District Court

**NORTHERN** **DISTRICT OF** **CALIFORNIA**

LAVON JONES,

v

BAYER HEALTHCARE, et al.,

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: **C-03-05531 JSW**

NORTHERN DISTRICT OF CALIFORNIA

TO THE CUSTODIAN OF RECORDS FOR:
Genentech, Inc.
1 DNA Way
South San Francisco, CA 94080

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list of documents or objects):
Any and all documents and records, including but not limited to employment, payroll, applications for employment, work absence, incident reports, personnel records, pre-employment exam records, progress records, contractors payroll and/or payments, including but not limited to documents pertaining to basis of Lavon Jones' termination.

NAME: LAVON JONES, JR.          D.O.B.:11/27/1962   S.S.N.: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

| PLACE | DATE AND TIME |
| --- | --- |
| U.S. Legal Support<br>144 South Spruce Avenue<br>South San Francisco, CA 94080 (650) 873-9188 | 02/21/06<br>09:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
X _____, Attorneys for DEFENDANT(S) BAYER HEALTHCARE

DATE X 1/30/2006

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen Robinson, Esq.,
The Louderback Law Firm, 1 Embarcadero Center, Suite 2300, San Francisco, CA 94111, (415) 398-7860

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| | |
|---|---|
| LAVON JONES, | CASE # C-03-05531 JSW |
| vs. | |
| BAYER HEALTHCARE, et al., | PROOF OF SERVICE BY MAIL |

I, Inga-Lill Gaimari, am and was on the dates mentioned herein, over the age of eighteen years and not a party to the within entitled action. My business address is: **4232-1 LAS VIRGENES ROAD CALABASAS, CALIFORNIA 91302**

On 11/31/06, I gave notice to the below named parties and served true copies of the following documents:

**Subpoena**

To each party appearing in this action, at the address below, by placing true copies thereof enclosed in a sealed envelope in which I mailed to the addressee(s) below with postage fully pre-paid, in the United States mail.

Howard Moore, Jr., Esq.
Moore & Moore
445 Bellevue Avenue, 2nd Floor
Oakland, CA 94610
Phone: (510)451-0104  Fax: (510)451-5056

Charles Stephen Ralston, Esq.
Law Offices of Charles S. Ralston
2421 Valley Street
Berkeley, CA 94702
Phone: (510)540-9683  Fax: (510)540-9685

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

x _Inga-Lill Gaimari_
Inga-Lill Gaimari
U.S. LEGAL SUPPORT

MDL. 726/5-25-94/BV

ATTACHMENT 2

1  HOWARD MOORE, JR., SBN 55228
   Moore and Moore
2  445 Bellevue Avenue, Second Floor
   Oakland, California 94610-4924
3  Telephone:  (510) 451-0104
   Facsimile:  (510) 451-5056
4  Email:      MoorLaw@aol.com

5  CHARLES STEPHEN RALSTON, SBN 34111
   Law Offices of Charles Stephen Ralston
6  2421 Valley Street
   Berkeley, California 94702
7  Telephone:  (510) 540-9683
   Facsimile:  (510) 540-9685
8  Email:      csralston@comcast.net

9  Attorney for Plaintiff, Lavon Jones, Jr.

COPY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAVON JONES, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BAYER HEALTHCARE LLC, <br><br> Defendant. | Case No. C03-05531-JSW <br><br> PLAINTIFF'S OPPOSITION TO SUBPOENA FOR COPYING & INSPECTION OF HIS EMPLOYMENT RECORDS FROM GENENTECH, INC. <br><br> Date: February 21, 2006 <br> Time: 9:00 a.m. |

TO:  Custodian of Records          U.S. Legal Support           Jerry Schreibstein
     Genentech, Inc.                144 South Spruce Street     The Louderback Law Firm
     1 DNA Way                      South Francisco, CA 94080   1 Embarcadero Center, #2300
     South San Francisco, CA 94080                              San Francisco, CA 94111

Plaintiff Lavon Jones, Jr. hereby gives notice that he objects to so much of the subpoena to inspect and copy his employment records which relate to or refer to his applications for employment, work absence, incident reports, personal records, pre-employment exam records, progress records, and documents pertaining to Lavon Jones' termination. The grounds for Plaintiff's objections are: the records and documents to which he objects are irrelevant to any

| | |
|---|---|
| 1 | issues in the instant litigation, incompetent to prove any issue in this litigation, and is over broad |
| 2 | and unduly intrusive. |
| 3 | Plaintiff does not object to the subpoena to the extent it calls for production of documents |
| 4 | which relate to his earnings while he was employed at Genentech, Inc. and documents which |
| 5 | reflect the date his employment with Genentech, Inc. began and the date it ended or terminated. |

Dated: February 6, 2006

*[signature]*

_____
HOWARD MOORE, JR.
Attorney for Plaintiff

Plaintiff's Opposition to Subpoena for his Employment Records from Genetech, Inc.
Jones v. Bayer Healthcare LLC    Case No. CO-03-05531-JSW

2

# PROOF OF SERVICE

I, the undersigned, hereby certify that I am employed in the City of Oakland, California, in the law offices of Moore and Moore, 445 Bellevue Avenue, Second Floor, Oakland, California, 94610-4924. I am over 18 years of age, a citizen of the United States, and not a party to this civil action.

That on February 6, 2006, I served a true and correct copy of the following documents:

**Plaintiff's Opposition to Subpoena for Copying & Inspection of His Employment Records from Genentech Inc.** by private courier by enclosing the same in a sealed enveloped and delivering the same to the private courier and prepaying all required charges and fees addressed as follows:

| | | |
|---|---|---|
| Custodian of Records | U.S. Legal Support | Jerry Schreibstein |
| Genentech, Inc. | 144 South Spruce Street | The Louderback Law Firm |
| 1 DNA Way | South Francisco, CA 94080 | 1 Embarcadero Center, #2300 |
| South San Francisco, CA 94080 | | San Francisco, CA 94111 |

Executed at Oakland, California, on February 6, 2006, under penalty of perjury of the laws of the United States.

_____
**HOWARD MOORE, JR.**